KATHRYN N. NESTER, Federal Public Defender (#13967)
SPENCER W. RICE, Assistant Federal Defender (#10281)
**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF UTAH**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | **MOTION FOR RELEASE PENDING APPEAL** |
|---|---|
| Plaintiff, | |
| v. | |
| SCOTT RAY BISHOP, | Case No. 2:16-CR-662 DB |
| Defendant. | |

Scott Ray Bishop, by and through his attorney, Spencer Rice, respectfully motions this Court to issue an order releasing him pending his appeal to the Tenth Circuit.

**Procedural History**

Mr. Bishop previously filed his Motion for Release Pending Appeal directly with the Tenth Circuit Court of Appeals. However, on July 12, 2018, the Tenth Circuit denied Mr. Bishop's motion as premature. The Tenth Circuit explained, "[i]n accordance with our general practice, we decline to entertain a motion for release pending appeal in the

first instance." *See United States v. Bishop*, Appellate Case # 18-4088, Document #010110021734, July 12, 2018.

**Argument**

Pursuant to 18 U.S.C. § 3141(b)(1), a defendant may be released pending appeal if the court finds by clear and convincing evidence that: (1) the person is not likely to flee or pose a danger to the safety of any other person or the community; (2) the appeal is not for the purpose of delay; and (3) the appeal raises a substantial question of law or fact likely to result in reversal and/or an order for a new trial. 18 U.S.C. §§ 3143(b)(1)(A)-(B); *see United States v. Affleck*, 765 F.2d 944, 954 (10th Cir. 1985). Because Mr. Bishop is neither a flight risk nor a danger, his appeal is not for purposes of delay, and his appeal raises a substantial question of law or fact likely to be reversed by the Circuit, release is appropriate.

**Analysis**

<u>Mr. Bishop is neither a flight risk nor a danger to the safety of any person or the community.</u>

Mr. Bishop is not likely to flee and Mr. Bishop is not a danger to the safety of any other person or the community if he is allowed to remain out of Bureau of Prisons custody pending his appeal to this Court. At his initial appearance on January 17, 2017, the government sought detention. *United States v. Bishop*, 2:16-cr-00662-DB (D. Utah), Doc. 7. A detention hearing was held and Mr. Bishop was released from custody of the United States Marshal and ordered to abide by certain conditions on supervision, including internet monitoring of his cell phone and personal computer. Doc. 11 and [Doc.

12. Through the pendency of the district court proceedings, Mr. Bishop appeared without fail and did not violate the terms of his supervised release.

Mr. Bishop went to trial. He lost. Doc. 58. This Court allowed him to remain out of custody. At sentencing, this Court again did not take Mr. Bishop into custody and allowed Mr. Bishop to self-surrender to the Bureau of Prisons ("BOP") on July 11, 2018. Doc. 67. Mr. Bishop is currently incarcerated at the BOP facility in Florence, Colorado.

Prior to his sentencing hearing and subsequent self-surrender to the BOP facility, Mr. Bishop remained in the community without incident for well over a year. Mr. Bishop also has close personal ties to the community as represented by the many letters of support that were filed with the district court prior to Mr. Bishop's sentencing hearing. Many of those letters were written by friends who have known Mr. Bishop and his family for more than 40 years. Mr. Bishop's family has long-standing ties to the American Fork community. There is no reason to believe Mr. Bishop will flee during the pendency of his appeal.

Likewise, nothing in the record or elsewhere suggests Mr. Bishop's continued presence in the community will present a danger to the safety of any other person or the community at large. Mr. Bishop does not have a history of violence. Both the magistrate judge and this Court reached the same conclusion by allowing him to remain released – Mr. Bishop is not a danger. *See United States v. Sapp*, 1994 WL 174094 (D. Kan. 1994) ("Having released the defendants pending their sentencing..., the court has determined by clear and convincing evidence that the defendants are not likely to flee or pose a danger to the safety of any other person or the community."). *See also* 18 U.S.C. 3143(b)(1)

(defendant is allowed to remain out of custody pending appeal when the court finds, by clear and convincing evidence, that the person is not likely to flee or pose a danger to the safety of any other person or the community if released).

Because Mr. Bishop is not a flight risk and because he does not pose a danger to the safety of any other person or the community, he should be released pending the resolution of his appeal.

<u>Mr. Bishop's appeal is not for the purpose of delay</u>.

Mr. Bishop's appeal is not for purposes of delay. Mr. Bishop does face a term of imprisonment; he is not attempting to avoid this by filing a frivolous appeal. As detailed below, Mr. Bishop raises a legitimate issue on appeal. If successful on appeal, Mr. Bishop's conviction could be reversed. Additionally, Mr. Bishop's case has proceeded with relative speed. In fact, Mr. Bishop proceeded to trial within a year from his initial appearance. This demonstrates a clear desire by all parties to effectively and efficiently resolve the case.

Because Mr. Bishop's appeal is not for purposes of delay, his request for release pending appeal should be granted.

<u>Mr. Bishop's appeal raises a substantial question of law or fact likely to result in reversal.</u>

The Tenth Circuit uses a two-prong test to determine what constitutes a substantial question of law or fact as required by § 3143. *Affleck*, 765 F.2d at 952. The first prong deals with what elevates an issue of law or fact to "substantial." A "substantial question" of law is "one of more substance than would be necessary to finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way."

*Affleck*, 765 F.2d at 952 (internal quotation omitted). What is "substantial" is determined on a case-by-case basis. *Id.* at 953.

The substantial question at issue is whether the district court violated Mr. Bishop's Fifth Amendment right to testify on his own behalf. See *Rock v. Arkansas*, 483 U.S. 44, 50-3 (1987) (illuminating the origins and tradition of the right to testify on one's own behalf). At trial, both charges required the government to prove that Mr. Bishop's device was a machine gun as defined in 26 U.S.C. § 5845(b). The term includes "any part designed and intended..., or combination or parts designed and intended, for use in converting a weapon into a machine gun[.]" 26 U.S.C. § 5845(b). The definition of 'machine gun' encompasses not just a firearm, but also the mental state of someone designing parts for firearms. Mr. Bishop's design of and intent for his device, or the "machine gun conversion kit," is at the center of the case and his appeal.

Per the government's proffered jury instruction, an essential element was that the defendant knew the item he possessed (or transferred) was a machinegun. [Doc. 34](Doc. 34), p.13. Mr. Bishop's state of mind was directly at issue. This Court declined Mr. Bishop's request to testify as to his state of mind, saying that what Mr. Bishop believed or thought regarding the weapon was an area for expert testimony. This decision denied Mr. Bishop his right to testify as to his state of mind, an element of the offense.

As the designer, manufacturer, and ultimate seller of the device at issue, Mr. Bishop should have been allowed to testify about his design of the device and how the design changed over time, as well as testifying about what he intended the device to do and how he intended for it to be used. Mr. Bishop's inability to testify as to his own state

<mark>5</mark>

of mind, an essential element of the offense, severely undercut Mr. Bishop's ability to present a defense, a violation of the Sixth Amendment. See *United States v. Orozco*, 291 F.Supp.3d 1267 (D.Kan. 2017), appeal docketed, case number 18-3003.

The second prong of the test provides for release pending appeal if the substantial question is "so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Affleck*, 765 F.2d at 953 (quoting *United States v. Miller*, 753 F.2d 19, 23 (3rd Cir. 1985)). If this Court finds in Mr. Bishop's favor, it is highly likely that the conviction will be vacated and Mr. Bishop will get a new trial. The record and rulings of the trial court establish by clear and convincing evidence that Mr. Bishop's appeal raises a substantial question of law or fact, and if that substantial question is determined in his favor, the decision will result in vacating the original conviction.

Based on the foregoing, Mr. Bishop requests this Court find he is not a flight risk or danger, that his appeal is not for purposes of delay, and that his appeal raises a substantial issue of fact or law that would warrant reversal. Consequently, he urges this Court to grant this motion.

DATED this 26th day of July, 2018.

*/s/ Spencer W. Rice*
SPENCER W. RICE
Assistant Federal Defender